# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

## NOTICE OF HEARING SESSION

Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION:        **December 4, 2025**

LOCATION OF HEARING SESSION:    United States Courthouse
                                Courtroom 1, Room 1310, First Floor
                                501 West Fifth Street
                                Austin, Texas 78701

TIME OF HEARING SESSION:  In those matters designated for oral argument, counsel requesting oral argument must be present at **8:00 a.m.** in order for the Panel to allocate the amount of time for oral argument.  Oral argument will commence at **9:30 a.m.**

SCHEDULED MATTERS:  Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument and includes all actions encompassed by Motion(s) for Transfer filed pursuant to Rules 6.1 and 6.2.  Any party waiving oral argument pursuant to Rule 11.1(d) need not attend the Hearing Session.

- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c).  Parties and counsel involved in these matters need not attend the Hearing Session.

ORAL ARGUMENT:

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument.  The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district.  Any change in position should be conveyed to Panel staff before the beginning of oral argument.  Where an attorney thereafter advocates a position different from that conveyed to Panel staff, the Panel may reduce the allotted argument time and decline to hear further from that attorney.

-2-

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

- A transcript of the oral argument will be filed in each docket when it becomes available.  Parties who wish to order a transcript may obtain the court reporter's contact information from the court reporter at the hearing or from the Panel at 202-502-2800 following the hearing.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **November 10, 2025.**  The procedures governing Panel oral argument (Panel Rule 11.1) are attached.  The Panel strictly adheres to these procedures.

FOR THE PANEL:

*James V. Ingold*
James V. Ingold
Clerk of the Panel

cc:  Clerk, United States District for the Western District of Texas

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**


**HEARING SESSION ORDER**


The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on December 4, 2025, the Panel will convene a hearing session in Austin, Texas to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will hear oral argument on the matters listed on Section A of the attached Schedule, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c).

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c).  The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.


PANEL ON MULTIDISTRICT LITIGATION


_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

SCHEDULE OF MATTERS FOR HEARING SESSION
December 4, 2025 —– Austin, Texas


**SECTION A**
**MATTERS DESIGNATED FOR ORAL ARGUMENT**


(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)


MDL No. 3162 − **IN RE: CLASS ACTION SETTLEMENT ADMINISTRATION LITIGATION**

   Motion of plaintiffs Tyler Baker and Lauren Wolf to transfer the following actions to the United States District Court for the Eastern District of Pennsylvania:

            Northern District of California

     WHALEN, ET AL. v. EPIQ SYSTEMS, INC., ET AL., C.A. No. 3:25−04522
     RIEGER v. EPIQ SYSTEMS, INC., ET AL., C.A. No. 3:25−04793

            Southern District of Florida

     TEJON v. EPIQ SYSTEMS, INC., ET AL., C.A. No. 1:25−22453

            Southern District of New York

     WHALEN v. EPIQ SYSTEMS, INC., ET AL., C.A. No. 1:25−04499

            Eastern District of Pennsylvania

     BAKER v. ANGEION GROUP LLC, ET AL., C.A. No. 2:25−02079

MDL No. 3163 − **IN RE: GLUCAGON−LIKE PEPTIDE−1 RECEPTOR AGONISTS (GLP−1 RAS) NON−ARTERITIC ANTERIOR ISCHEMIC OPTIC NEUROPATHY PRODUCTS LIABILITY LITIGATION**

   Motion of defendant Eli Lilly and Company to transfer the following actions to the United States District Court for the Eastern District of Pennsylvania:

<u>District of New Jersey</u>

KANE v. NOVO NORDISK A/S, ET AL., C.A. No. 3:24−11384
PENNELL v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−02756
OSTERMAN v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−03500
MALVESTI v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−08018
SHEA v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−08033
SYMONDS v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−12651
LAMANNA v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−12656
MARTIN v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−12988
BRADDOCK v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−14352
BRINSON v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−14358
CURTIS v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−14359
HERSHMAN v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−14361
HUMBLE v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−14363
BURGER v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−14604
DOUGLAS v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−14673
HENLEY v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−14720
PROROCK v. NOVO NORDISK A/S, ET AL., C.A. No. 3:25−14721

<u>Eastern District of Pennsylvania</u>

RALPH v. NOVO NORDISK, INC., ET AL., C.A. No. 2:25−01376
MORRIS v. ELI LILLY AND COMPANY, C.A. No. 2:25−04106
GARCIA v. ELI LILLY AND COMPANY, C.A. No. 2:25−04537

<u>Northern District of Texas</u>

GOLMON v. NOVO NORDISK, INC., C.A. No. 3:24−02368

MDL No. 3164 − **IN RE: SALESFORCE, INC., CUSTOMER DATA SECURITY BREACH LITIGATION**

   Motion of plaintiffs Malcolm Scott, Zenaida Medina, and Eliot Canick, et al., to transfer the following actions to the United States District Court for the Northern District of California:

          Central District of California

     EMANUEL, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL.,
          C.A. No. 2:25−07972
     SCHWARTZ v. FARMERS GROUP, INC., C.A. No. 2:25−08021
     SCOTT v. FARMERS INSURANCE EXCHANGE, ET AL.,
          C.A. No. 2:25−08032
     MILSTEAD, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL.,
          C.A. No. 2:25−08062
     MONTALVAN, ET AL. v. FARMERS INSURANCE EXCHANGE, ET AL.,
          C.A. No. 2:25−08085
     KOVNER v. FARMERS GROUP, INC., ET AL., C.A. No. 2:25−08120

          Northern District of California

     SCOTT v. SALESFORCE, INC., C.A. No. 3:25−07232
     MEDINA v. SALESFORCE, INC., ET AL., C.A. No. 3:25−07245
     CANICK, ET AL. v. SALESFORCE, INC., ET AL., C.A. No. 3:25−07306
     MORGAN v. SALESFORCE, INC., C.A. No. 3:25−07318

          Northern District of Illinois

     SNELGROVE v. TRANSUNION, LLC, C.A. No. 1:25−10320
     IHRKE, ET AL. v. TRANSUNION, LLC, C.A. No. 1:25−10321

          District of Minnesota

     KERITSIS v. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,
          C.A. No. 0:25−02777
     TAYLOR v. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,
          C.A. No. 0:25−03020
     LOPEZ v. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,
          C.A. No. 0:25−03052
     HODGES v. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,
          C.A. No. 0:25−03080
     HERRERA v. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,
          C.A. No. 0:25−03100

MAROTTA, ET AL. v. ALLIANZ LIFE INSURANCE COMPANY OF NORTH
   AMERICA, C.A. No. 0:25−03109
OGDEN v. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,
   C.A. No. 0:25−03111
THOMPSON v. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,
   C.A. No. 0:25−03118
FEMATT v. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,
   C.A. No. 0:25−03133
GOLDMAN v. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,
   C.A. No. 0:25−03135
LENNON v. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,
   C.A. No. 0:25−03139
LATRONICO v. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,
   C.A. No. 0:25−03159
HANSCH v. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,
   C.A. No. 0:25−03207
BERGER v. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,
   C.A. No. 0:25−03221
GRAHAM v. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,
   C.A. No. 0:25−03224
BUTLER v. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,
   C.A. No. 0:25−03228
ZABRISKIE v. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,
   C.A. No. 0:25−03231
ANDERSON v. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,
   C.A. No. 0:25−03235
LAMARRE v. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,
   C.A. No. 0:25−03237
ROALDI, ET AL. v. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,
   C.A. No. 0:25−03244
ROBINSON v. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,
   C.A. No. 0:25−03251
COLGAN v. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,
   C.A. No. 0:25−03285
GIULIANI v. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,
   C.A. No. 0:25−03291
CROWNOVER v. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,
   C.A. No. 0:25−03308
THOMAS, ET AL. v. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,
   C.A. No. 0:25−03313
POWERS v. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,
   C.A. No. 0:25−03328
GRESS v. ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA,
   C.A. No. 0:25−03638

Southern District of New York

TOIKACH v. CHRISTIAN DIOR, INC., ET AL., C.A. No. 1:25−06055
TOIKACH v. CHRISTIAN DIOR, INC., ET AL., C.A. No. 1:25−06058
HOLLAND v. CHRISTIAN DIOR, INC., ET AL., C.A. No. 1:25−06200
BHATT, ET AL. v. CHRISTIAN DIOR, INC., ET AL., C.A. No. 1:25−06205
NGUYEN v. CHRISTIAN DIOR, INC., C.A. No. 1:25−06270
ANSRYAN v. CHRISTIAN DIOR, INC., ET AL., C.A. No. 1:25−06705
BUTLER−ADAMS v. LOUIS VUITTON NORTH AMERICA, INC.,
    C.A. No. 1:25−07109
MIAMEN, ET AL. v. LOUIS VUITTON NORTH AMERICA, INC.,
    C.A. No. 1:25−07183

MDL No. 3166 − **IN RE: ROBLOX CORPORATION CHILD SEXUAL EXPLOITATION
AND ASSAULT LITIGATION**

   Motion of plaintiff Jane Doe to transfer the following actions to the United States District Court
for the Northern District of California:

Central District of California

JANE DOE v. ROBLOX CORPORATION, ET AL., C.A. No. 2:25−07154

Northern District of California

DOE, ET AL. v. ROBLOX CORPORATION, C.A. No. 3:25−04329
DOE, ET AL. v. ROBLOX CORPORATION, ET AL., C.A. No. 3:25−05753
JANE DOE R.M., A MINOR, REPRESENTED BY HER GUARDIAN AND NEXT
   FRIEND, JANE DOE Z.O. v. ROBLOX CORPORATION, ET AL.,
   C.A. No. 3:25−06087
DOE S.G., ET AL. v. ROBLOX CORPORATION, ET AL., C.A. No. 3:25−06812
DOE M.P, ET AL. v. ROBLOX CORPORATION, C.A. No. 3:25−06886
JANE DOE GS 1 v. ROBLOX CORPORATION, ET AL., C.A. No. 3:25−07143
DOE, ET AL. v. ROBLOX CORPORATION, ET AL., C.A. No. 3:25−07174
DOE I.V., ET AL. v. ROBLOX CORPORATION, C.A. No. 3:25−07192
DOE v. ROBLOX CORPORATION, ET AL., C.A. No. 3:25−07291
DOE Z.P., ET AL. v. ROBLOX CORPORATION, C.A. No. 3:25−07393
DOE M.J., ET AL. v. ROBLOX CORPORATION, ET AL., C.A. No. 3:25−07486
DOE, ET AL. v. ROBLOX CORPORATION, ET AL., C.A. No. 3:25−07686
DOE, A MINOR, ET AL. v. ROBLOX CORPORATION, ET AL., C.A. No. 3:25−07852
DOE D.M., ET AL. v. ROBLOX CORPORATION, ET AL., C.A. No. 3:25−07859
DOE, ET AL. v. ROBLOX CORPORATION, ET AL., C.A. No. 3:25−07909
M.S. v. ROBLOX CORPORATION, ET AL., C.A. No. 3:25−07925
DOE v. ROBLOX CORPORATION, ET AL., C.A. No. 4:25−03520
DOE A.L., ET AL. v. ROBLOX CORPORATION, C.A. No. 4:25−07676
DOE, ET AL. v. ROBLOX CORPORATION, ET AL., C.A. No. 4:25−07899

Northern District of Georgia

DOE v. ROBLOX CORPORATION, ET AL., C.A. No. 1:25−04953

Southern District of Iowa

T.T. v. ROBLOX CORPORATION, C.A. No. 4:25−00314

Western District of Michigan

DOE v. ROBLOX CORPORATION, ET AL., C.A. No. 2:25−00208

Eastern District of Missouri

DOE G.C. v. ROBLOX CORPORATION, C.A. No. 4:25−01402

Western District of Missouri

J.S. v. ROBLOX CORPORATION, C.A. No. 6:25−03254

Northern District of Ohio

DOE v. ROBLOX CORPORATION, ET AL., C.A. No. 5:25−01980

Western District of Oklahoma

A.E., ET AL. v. ROBLOX CORPORATION, C.A. No. 5:25−00959

Eastern District of Pennsylvania

DOE v. ROBLOX CORPORATION, ET AL., C.A. No. 2:25−04256

Northern District of Texas

DOE v. ROBLOX CORPORATION, C.A. No. 3:25−02175

Southern District of Texas

DOE v. ROBLOX CORPORATION, C.A. No. 1:25−00172
DOE, ET AL. v. ROBLOX CORPORATION, ET AL., C.A. No. 3:25−00128

MDL No. 3167 − **IN RE: BROILER CHICKEN GROWER ANTITRUST LITIGATION
(NO. III)**

Motion of plaintiffs Haff Poultry, Inc., Nancy Butler, James Michael Mercer, Jonathan Walters,
Marc McEntire, and Karen McEntire to transfer the following actions to the United States District
Court for the District of Utah:

        <u>Northern District of California</u>

HAFF POULTRY, INC., ET AL. v. FOSTER FARMS, LLC, C.A. No. 3:25−07996

        <u>Northern District of Illinois</u>

HAFF POULTRY, INC., ET AL. v. PECO FOODS INC., ET AL., C.A. No. 1:25−11348

        <u>Eastern District of Oklahoma</u>

HAFF POULTRY, INC., ET AL. v. MOUNTAIRE FARMS, INC., ET AL.,
   C.A. No. 6:25−00217

        <u>District of South Carolina</u>

HAFF POULTRY, INC., ET AL. v. HOUSE OF RAEFORD FARMS INC., ET AL.,
   C.A. No. 3:25−12629

        <u>Western District of Virginia</u>

HAFF POULTRY, INC., ET AL. v. GEORGE'S INC., ET AL., C.A. No. 5:25−00099

MDL No. 3168 − **IN RE: GATEWAY VIDEO GAME ADDICTION PRODUCTS
LIABILITY LITIGATION**

Motion of plaintiff Rochelle Tomlin to transfer the following actions to the United States District
Court for the Eastern District of Pennsylvania:

        <u>Eastern District of California</u>

J.S. v. EPIC GAMES, INC., C.A. No. 2:25−02727

Northern District of California

LITTON, ET AL. v. ROBLOX CORPORATION, ET AL., C.A. No. 3:25−03088
GALARZA v. EPIC GAMES, INC., ET AL., C.A. No. 3:25−06245
CHANDLER v. EPIC GAMES, INC., ET AL., C.A. No. 3:25−06877
BROWN v. ROBLOX CORPORATION, C.A. No. 3:25−07660
JESSE v. ROBLOX CORPORATION, ET AL., C.A. No. 3:25−07964
AUSTIN v. ROBLOX CORPORATION, ET AL., C.A. No. 4:25−08122

District of Colorado

WHITTAKER v. ROBLOX CORPORATION, ET AL., C.A. No. 1:25−02967

District of Maryland

MERRIMAN v. ROBLOX CORPORATION, C.A. No. 1:25−03130

District of Maine

HENDERSON v. ROBLOX CORPORATION, ET AL., C.A. No. 1:25−00467

Eastern District of Pennsylvania

TOMLIN v. ROBLOX CORPORATION, ET AL., C.A. No. 2:25−04301
FRENCH v. ROBLOX CORPORATION, ET AL., C.A. No. 2:25−05306
SPENNATO v. ROBLOX CORPORATION, ET AL., C.A. No. 2:25−05436
WEST v. ROBLOX CORPORATION, ET AL., C.A. No. 2:25−05471
Z.A.E., ET AL. v. ROBLOX CORPORATION, ET AL., C.A. No. 5:25−05249
SCARPULLA, ET AL. v. ROBLOX CORPORATION, ET AL., C.A. No. 5:25−05477

Middle District of Pennsylvania

HICKS, ET AL. v. EPIC GAMES, INC., ET AL., C.A. No. 3:25−01789

## MDL No. 3169 − **IN RE: ELIGO ENERGY LITIGATION**

Motion of defendants Eligo Energy, LLC, et al., to transfer the following actions to the United States District Court for the Southern District of New York:

District of Maryland

WHITESIDE v. ELIGO ENERGY, LLC, ET AL., C.A. No. 1:25−02532

Southern District of New York

BROUS, ET AL. v. ELIGO ENERGY, LLC, ET AL., C.A. No. 1:24−01260

Southern District of Ohio

ORZOLEK v. ELIGO ENERGY, LLC, ET AL., C.A. No. 2:25−00078

Western District of Pennsylvania

BODKIN, ET AL. v. ELIGO ENERGY, LLC, ET AL., C.A. No. 2:25−00094

MDL No. 3170 − **IN RE: TRANS UNION, LLC, DATA CUSTOMER SECURITY BREACH LITIGATION**

Motion of defendants Trans Union, LLC, and TransUnion to transfer the following actions to the United States District Court for the Northern District of Illinois:

Central District of California

MCLEOD v. TRANSUNION, ET AL., C.A. No. 2:25−08553

Northern District of California

KING v. SALESFORCE, INC., ET AL., C.A. No. 3:25−07507
TATUM v. SALESFORCE, INC., ET AL., C.A. No. 3:25−07688
MORTON v. SALESFORCE, INC., ET AL., C.A. No. 3:25−07791
YADAV, ET AL. v. SALESFORCE, INC., ET AL., C.A. No. 3:25−07847
ACOSTA, ET AL. v. SALESFORCE, INC., ET AL., C.A. No. 3:25−07888
EALY v. SALESFORCE, INC., ET AL., C.A. No. 3:25−07970
WATSON, ET AL. v. SALESFORCE, INC., ET AL., C.A. No. 3:25−08051
BINGHAM v. TRANSUNION LLC, C.A. No. 3:25−08267

Northern District of Florida

GORDON v. TRANSUNION, LLC, C.A. No. 3:25−01575

Northern District of Illinois

SNELGROVE v. TRANSUNION, LLC, C.A. No. 1:25−10320
IHRKE, ET AL. v. TRANSUNION, LLC, C.A. No. 1:25−10321
WEATHERFORD v. TRANSUNION LLC, C.A. No. 1:25−10404
NASH v. TRANS UNION, LLC, C.A. No. 1:25−10415

BROWN v. TRANS UNION LLC, C.A. No. 1:25−10435
PERKINS v. TRANSUNION, LLC, C.A. No. 1:25−10444
ELLISON, ET AL. v. TRANSUNION, LLC, C.A. No. 1:25−10501
THOMAS v. TRANSUNION, LLC, C.A. No. 1:25−10511
TOBIN v. TRANS UNION LLC, C.A. No. 1:25−10515
MEYER v. TRANSUNION, LLC, C.A. No. 1:25−10527
SAMOZA v. TRANS UNION LLC, C.A. No. 1:25−10561
CORNWELL v. TRANSUNION, LLC, C.A. No. 1:25−10573
GARCIA v. TRANSUNION, LLC, C.A. No. 1:25−10577
DAVIS v. TRANSUNION, LLC, C.A. No. 1:25−10580
SMALLS v. TRANSUNION, LLC, C.A. No. 1:25−10587
KEMPF v. TRANSUNION, LLC, C.A. No. 1:25−10599
SEE v. TRANSUNION, LLC, C.A. No. 1:25−10659
TODD v. TRANSUNION LLC, C.A. No. 1:25−10686
ALMEIDA, ET AL. v. TRANSUNION LLC, C.A. No. 1:25−10690
GOTAY v. TRANS UNION, LLC, C.A. No. 1:25−10704
CALLOWAY v. TRANSUNION LLC, C.A. No. 1:25−10712
LOPEZ v. TRANSUNION, LLC, C.A. No. 1:25−10742
SEVIGNY v. TRANSUNION, LLC, C.A. No. 1:25−10759
DUHON v. TRANSUNION LLC, C.A. No. 1:25−10784
ENGH v. TRANSUNION LLC, C.A. No. 1:25−10790
LOVELL v. TRANSUNION LLC, C.A. No. 1:25−10817
BRAAT v. TRANSUNION, LLC, C.A. No. 1:25−10823
ZAUSMER v. TRANS UNION LLC, C.A. No. 1:25−10941
BONILLA v. TRANSUNION, LLC, C.A. No. 1:25−11007
SELESNICK v. TRANSUNION LLC, C.A. No. 1:25−11126
CLAYTON v. TRANSUNION, LLC, C.A. No. 1:25−11140
JOHNSON v. TRANSUNION, LLC, C.A. No. 1:25−11188
ROBERTS v. TRANSUNION LLC, C.A. No. 1:25−11248
JUDKA v. TRANSUNION, LLC, C.A. No. 1:25−11249
REVELLE v. TRANSUNION LLC, C.A. No. 1:25−11268
MCGLYNN v. TRANSUNION, LLC, C.A. No. 1:25−11462
HOUSTON v. TRANSUNION LLC, C.A. No. 1:25−11519
WILLIAMS−DIGGINS, ET AL. v. TRANSUNION, LLC, ET AL.,
    C.A. No. 1:25−11525
ALEXANDER v. TRANSUNION, LLC, C.A. No. 1:25−11552
KORLOU, ET AL. v. TRANSUNION, LLC, C.A. No. 1:25−11569
MADKIN v. TRANSUNION, LLC, C.A. No. 1:25−11653
CROCKRAN v. TRANS UNION LLC, C.A. No. 1:25−11931
BULLARD, ET AL. v. TRANSUNION LLC, C.A. No. 1:25−12028

Eastern District of Pennsylvania

LOUIS v. TRANS UNION, LLC, C.A. No. 2:25−05188

## SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 2741 − **IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Philip Dressel to transfer of the *Dressel* action to the United States District Court for the Northern District of California and opposition of plaintiff Consuelo E. Kelly−Leppert to remand, under 28 U.S.C. § 1407(a), of the *Kelly−Leppert* action to the United States District Court for the Eastern District of Missouri:

Southern District of Florida

DRESSEL v. MONSANTO COMPANY, ET AL., C.A. No. 0:25−61689

Northern District of California

KELLY−LEPPERT v. MONSANTO COMPANY, C.A. No. 3:21-02910 (E.D. Missouri, C.A. No. 4:21-00369)

MDL No. 2873 − **IN RE: AQUEOUS FILM−FORMING FOAMS PRODUCTS LIABILITY LITIGATION**

Motions of defendant 3M Company to transfer the *Crady, Blymer, Drummond, Jenkins-Griffin, Chiaverotti,* and *Clarke* actions to the United States District Court for the District of South Carolina and opposition of plaintiffs the State of New Mexico, *ex rel.* Raúl Torrez, Attorney General, and the New Mexico Environment Department to transfer of the *Torrez* action to the United States District Court for the District of South Carolina:

Eastern District of Missouri

CRADY, ET AL. v. 3M COMPANY, ET AL., C.A. No. 4:25−01394

District of New Jersey

BLYMER, ET AL. v. SOLVAY SPECIALTY POLYMERS USA, LLC, ET AL., C.A. No. 1:25−13774

District of New Mexico

TORREZ, ET AL. v. UNITED STATES OF AMERICA, ET AL., C.A. No. 1:25−00690

Eastern District of Oklahoma

DRUMMOND v. 3M COMPANY, ET AL., C.A. No. 6:25−00322

Eastern District of Virginia

JENKINS−GRIFFIN v. 3M COMPANY, ET AL., C.A. No. 2:24−00600
CHIAVEROTTI, ET AL. v. 3M COMPANY, ET AL., C.A. No. 2:25−00232
CLARKE v. 3M COMPANY, ET AL., C.A. No. 3:25−00738

## MDL No. 3010 − IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION

Oppositions of plaintiffs OpenX Ltd., OpenX Technologies, Inc., PubMatic, Inc., and Magnite, Inc., to transfer of their respective following actions to the United States District Court for the Southern District of New York:

Eastern District of Virginia

OPENX TECHNOLOGIES, INC., ET AL. v. GOOGLE LLC, C.A. No. 1:25−01282
PUBMATIC, INC. v. GOOGLE LLC, C.A. No. 1:25−01482
MAGNITE, INC. v. GOOGLE LLC, C.A. No. 1:25−01541

## MDL No. 3014 − IN RE: PHILIPS RECALLED CPAP, BI−LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION

Opposition of plaintiff Fatima Pineda−Lam to transfer of the following action to the United States District Court for the Western District of Pennsylvania:

Northern District of California

PINEDA−LAM v. PHILIPS RS NORTH AMERICA LLC, ET AL., C.A. No. 3:25−07991

## MDL No. 3108 − IN RE: CHANGE HEALTHCARE, INC., CUSTOMER DATA SECURITY BREACH LITIGATION

Oppositions of plaintiffs Connecticut Radiation Oncology, P.C. and CareFirst, Inc., et al., to transfer of their respective following actions to the United States District Court for the District of Minnesota:

District of Connecticut

CONNECTICUT RADIATION ONCOLOGY, P.C. v. CHANGE HEALTHCARE
TECHNOLOGY ENABLED SERVICES, LLC, C.A. No. 3:25−01331

District of Maryland

CAREFIRST, INC., ET AL. v. CHANGE HEALTHCARE TECHNOLOGIES, LLC,
ET AL., C.A. No. 1:25−02399

MDL No. 3114 − **IN RE: AT&T INC. CUSTOMER DATA SECURITY BREACH LITIGATION**

Opposition of plaintiff James MacDiarmid to transfer of the following action to the United States District Court for the Northern District of Texas:

Southern District of Florida

MACDIARMID v. AT&T MOBILITY LLC, C.A. No. 0:25−61291

MDL No. 3126 − **IN RE: SNOWFLAKE, INC., DATA SECURITY BREACH LITIGATION**

Motion of plaintiff Hao Zhe Wang for remand, pursuant to 28 U.S.C. § 1407(a), of the following action to the United States District Court for the Southern District of New York:

District of Montana

WANG v. AT&T, ET AL., C.A. No. 2:24−00155 (S.D. New York, C.A. No. 1:24-07206)

MDL No. 3153 − **IN RE: COINBASE CUSTOMER DATA SECURITY BREACH LITIGATION**

Opposition of plaintiff Michael E. Lemon to transfer of the following action to the United States District Court for the Southern District of New York:

District of South Dakota

LEMON v. COINBASE GLOBAL, INC., ET AL., C.A. No. 4:25−04172

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

(a)    <u>Schedule</u>. The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

(b)    <u>Oral Argument Statement</u>. Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard.  Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

(i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

(c)    <u>Hearing Session</u>. The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

(i) the dispositive issue(s) have been authoritatively decided; or

(ii) the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process.  Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

(d)    <u>Notification of Oral Argument</u>. The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

(i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.

(ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

(e)    <u>Duty to Confer</u>. Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

(f)    <u>Time Limit for Oral Argument</u>. Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.